1 | Lincoln D. Bandlow, Esq. (CA #170449)
Lincoln@BandlowLaw.com
2 | **Law Offices of Lincoln Bandlow, PC**
1801 Century Park East, Suite 2400
3 | Los Angeles, CA  90067
Phone: (310) 556-9680
4 | Fax: (310) 861-5550

5 | Attorney for Plaintiff
Strike 3 Holdings, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| STRIKE 3 HOLDINGS, LLC, | Case No.: 2:19-cv-10677-TJH-SP |
|---|---|
| Plaintiff, | **NOTICE OF SUPPLEMENTAL AUTHORITY** |
| vs. | |
| JOHN DOE subscriber assigned IP address 47.152.112.168, | |
| Defendant. | |

**PLEASE TAKE NOTICE** that the Honorable Magistrate Judge DeMarchi issued an Order Denying Motion to Quash Subpoena and Motion to Dismiss concerning a nearly identical motion to the one before this Court.  Strike 3 Holdings, LLC has appended Judge DeMarchi's Order hereto.

Date: April 14, 2020                                    Respectfully submitted,

By: /s/ *Lincoln Bandlow*
Lincoln Bandlow, Esq.
**Law Offices of Lincoln Bandlow, P.C.**

*Attorney for Plaintiff*
Strike 3 Holdings, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>JOHN DOE SUBSCRIBER ASSIGNED IP ADDRESS 76.102.26.213,<br><br>    Defendant. | Case No. 19-cv-08239-VKD<br><br>**ORDER DENYING MOTION TO QUASH SUBPOENA AND MOTION TO DISMISS**<br><br>Re: Dkt. No. 16 |

Plaintiff Strike 3 Holdings, LLC ("Strike 3") sues John Doe Subscriber Assigned IP Address 76.102.26.213 ("Doe") for copyright infringement. Dkt. No. 1. Doe now moves to quash the third-party subpoena to his Internet service provider ("ISP"), Comcast Cable ("Comcast"), seeking information identifying the subscriber and which Strike 3 expects will reveal Doe's identity. Dkt. No. 16. Doe also moves to dismiss the action with prejudice pursuant to Federal Rule of Civil Procedure 41(b). *Id.* Strike 3 opposes both motions. Dkt. No. 26.

Pursuant to Civil Local Rule 7-1(b), the Court finds Doe's motions suitable for decision without oral argument. For the reasons described below, the Court denies Doe's motion to quash and denies his motion to dismiss.

## I. BACKGROUND

Strike 3 is the owner of adult-content movies distributed through websites and DVDs. Dkt. No. 1 ¶¶ 2-3. Strike 3 alleges that Doe has used the BitTorrent protocol to download anonymously and distribute Strike 3's movies to others in violation of Strike 3's copyrights in the material. Dkt. No. 1 ¶ 4. Specifically, Strike 3 asserts that Doe has infringed its copyrights in 94 movies between December 2018 and November 2019. *Id.*, Ex. A. Doe is known to Strike 3 only

by his Internet Protocol ("IP") address 76.102.26.213, which is maintained by Comcast. *Id.* ¶ 5.

To ascertain Doe's true identity, Strike 3 filed an action in equity for a bill of discovery in Florida state court, asserting that Strike 3's forensic servers which detect and record infringement are located in Florida and that infringers are subject to specific personal jurisdiction in Florida. Dkt. No. 26 at 3 n.3; Dkt. No. 26-1 ¶ 7. The Florida state court granted Strike 3's motion for leave to serve a subpoena on Comcast. *Id.*, Ex. A. After Strike 3 served the subpoena on Comcast, Doe moved to quash, arguing that Strike 3 should have brought its copyright infringement action in federal court instead. Dkt. No. 26-1 ¶ 8, Ex. 2. In view of Doe's objections, Strike 3 dismissed the Florida action and agreed to litigate in federal court. Dkt. No. 26 at 1, 4.

On December 18, 2019, Strike 3 filed the complaint in this action. Dkt. No. 1. Thereafter, on January 17, 2020, Strike 3 filed an ex parte application for leave to serve an early third-party subpoena on Comcast in order to identify the name and address of the subscriber associated with the IP address associated with the allegedly infringing conduct. Dkt. No. 8. The Court found that Strike 3 demonstrated good cause to permit early discovery and granted permission for Strike 3 to serve the subpoena on Comcast. Dkt. No. 9. The Court's order included provisions to protect the subscriber's privacy. *Id.* at 2.

Following Strike 3's service of the subpoena on Comcast, Doe appeared through counsel and filed the motions to quash and to dismiss the action now before the Court. Dkt. No. 16.

## II. MOTION TO QUASH

### A. Legal Standard

Federal Rule of Civil Procedure 45 governs discovery of non-parties by subpoena. The scope of discovery through a Rule 45 subpoena is the same as the scope of discovery permitted under Rule 26(b). *Beaver Cty. Employers Ret. Fund v. Tile Shop Holdings, Inc.*, No. 3:16-mc-80062-JSC, 2016 WL 3162218, at *2 (N.D. Cal. June 7, 2016) (citing Fed. R. Civ. P. 45 advisory comm.'s note (1970); Fed. R. Civ. P. 34(a)). Rule 26 permits discovery "regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the

2

1 discovery in resolving the issues, and whether the burden or expense of the proposed discovery
2 outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

3       The Court must limit the frequency or extent of discovery if it determines that: "(i) the
4 discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other
5 source that is more convenient, less burdensome, or less expensive; (ii) the party seeking
6 discovery has had ample opportunity to obtain the information by discovery in the action; or (iii)
7 the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P.
8 26(b)(2)(C). Rule 45 further provides that "the court for the district where compliance is required
9 must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires
10 a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure
11 of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person
12 to undue burden." Fed. R. Civ. P. 45(d)(3)(A).

13       Generally, "a party has no standing to seek to quash a subpoena issued to someone who is
14 not a party to the action, unless the objecting party claims some personal right or privilege with
15 regard to the documents sought." *Drummond Co., Inc. v. Collingsworth*, 2013 WL 6074157, at
16 *15 (N.D. Cal. Nov. 18, 2013) (quoting 9A Charles A. Wright & Arthur R. Miller, Fed. Prac. &
17 Proc. § 2459 (3d ed. 2008)). If good cause is shown, a court may "issue an order to protect a party
18 or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . .
19 forbidding the disclosure or discovery." Fed. R. Civ. P. 26(c)(1)(A).

20       The moving party bears the burden of persuasion on a motion to quash, but the party
21 issuing the subpoena must demonstrate that the discovery is relevant. *See Chevron Corp. v.
22 Donziger*, No. 3:12-mc-80237-CRB, 2013 WL 4536808, at *4 (N.D. Cal. Aug. 22, 2013) (citation
23 omitted); *see also Optimize Tech. Solutions, LLC v. Staples, Inc.*, No. 5:14-mc-80095-LHK, 2014
24 WL 1477651, at *2 (N.D. Cal. Apr. 14, 2014).

25     **B.**    **Discussion**

26       Doe makes several arguments in support of his motion to quash. First, Doe contends that
27 Strike 3's subpoena to Comcast violates his right to privacy under the "Federal Cable Privacy Act"
28 and that Strike 3 intends to use the Comcast subscriber's name and address to harass him into a

United States District Court
Northern District of California

1 "shame settlement," regardless of whether the subscriber is actually the infringer.  Dkt. No. 26 at
2 10.  In its order granting Strike 3's ex parte application for leave to serve the subpoena on
3 Comcast, the Court specifically prohibited Strike 3 from publicly revealing the subscriber's
4 personal identifying information, absent the subscriber's consent or leave of the Court.  Dkt. No. 9
5 at 2.  Doe's privacy concerns have therefore already been addressed.

6       Second, Doe argues that Strike 3's decision to file and then dismiss the bill of discovery
7 action in Florida and then file the copyright action in federal court creates an undue burden on Doe
8 by forcing him to file a second motion to quash in federal court.  Dkt. No. 26 at 10–14.  Doe
9 accuses Strike 3 of "forum shopping," "abuse [of] process," and "litigation gamesmanship."  This
10 argument is unpersuasive.  Because Doe is not the party responding to the subpoena, his claim of
11 undue burden falls flat, particularly where Strike 3 filed this action in federal court at Doe's
12 behest.  *See Third Degree Films, Inc. v. Does 1-178*, 2012 WL 12925674, at *2 (N.D. Cal. Dec. 6,
13 2012) ("Defendant is not faced with an undue burden because the subpoena is directed at the ISP
14 and not the Defendant.  It is the ISP that is compelled to disclose the information, and thus, its
15 prerogative to claim an undue burden.") (internal citations omitted); *see also Mount Hope Church
16 v. Bash Back!*, 705 F.3d 418, 428 (9th Cir. 2012) (holding that "undue burden" is "the burden
17 associated with compliance").

18       Third, Doe complains that Strike 3's filing first in Florida and later here results in delay in
19 obtaining information from Comcast that in turn creates a risk that relevant information in
20 Comcast's possession has been lost.  This argument also is unpersuasive.  Doe's own conduct
21 belies his professed concern about delay and potential loss of information.  Doe moved to quash
22 Strike 3's first subpoena in Florida and apparently failed to take any action on his own initiative to
23 ensure that Comcast would preserve any information Doe believed he might need for his defense.
24 Dkt. No. 26-1 ¶ 8, Ex. 2.  After Strike 3 dismissed the Florida state court action at Doe's request
25 and re-filed in this Court, Doe took no action to have the Court order Comcast to preserve
26 evidence, but rather has again moved to quash Strike 3's subpoena to Comcast.  In any event, the
27 Court expects that any delay in obtaining information from Comcast would prejudice Strike 3 and
28 not Doe, as it is possible that Strike 3 will be unable to obtain the information necessary to satisfy

4

1 the applicable pleading standard discussed further below.

2     Finally, Doe argues that the Court should quash the subpoena because Strike 3's complaint is subject to dismissal for failure to state a claim. Dkt. No. 26 at 13–14. Specifically, Doe contends that Strike 3's complaint fails to satisfy the pleading standard set out in *Cobbler Nevada LLC v. Gonzalez*, 901 F.3d 1142 (9th Cir. 2018). In that case, the Ninth Circuit held that a bare allegation that a defendant is the registered subscriber of an IP address associated with infringing activity is insufficient to state a claim for copyright infringement; rather, "[a] plaintiff must allege something more to create a reasonable inference that a subscriber is also an infringer." 901 F.3d at 1144–45. Doe's invocation of *Cobbler Nevada* in support of his contention that Strike 3's subpoena must be quashed because the complaint does not yet allege the "something more" is inapt. *Cobbler Nevada* does not bar early discovery by means of a subpoena to an ISP for a subscriber's identity, which is precisely what Strike 3 seeks here. Rather, in *Cobbler Nevada*, the plaintiff was unable to plead anything more than the subscriber's identity *even after* obtaining early discovery of the ISP. *See id.* at 1145–46; *Strike 3 Holdings, LLC v. Doe*, No. CV 19-00723 (JCS), 2019 WL 2996428, at *3 (N.D. Cal. July 9, 2019) (stating that "*Cobbler Nevada* does not stand for the proposition that subpoenas may not be used to determine a subscriber's name" and listing cases so holding). However, concern that some future amended pleading may be insufficient is not a sound basis for Doe's challenge to Strike 3's subpoena to Comcast.

Accordingly, the Court denies Doe's motion to quash.

## III. MOTION TO DISMISS

### A. Legal Standard

Federal Rule of Civil Procedure 41(b) provides: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." "[D]ismissal is a harsh penalty and, therefore, it should only be imposed in extreme circumstances." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992). A grant or denial of involuntary dismissal rests in the sound discretion of the Court. *Ashbaucher v. City of Arcata*, No. CV 08–2840 MHP (NJV), 2010 WL 11211481, at *2 (N.D. Cal. Aug. 19, 2010); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 633 (1962).

**B. Discussion**

Doe moves for involuntary dismissal with prejudice pursuant to Rule 41(b) for failure to comply with Rule 11 or, possibly, for failure to comply with Rule 8. Dkt. No. 16 at 14–25.

Rule 11(b) states in part:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law.

Fed. R. Civ. P. 11(b)(1)-(2). Doe contends that Strike 3 violated Rule 11(b)(2) by knowingly filing a complaint that does not meet the *Cobbler Nevada* standard. Dkt. No. 16 at 18–25. He also appears to suggest that Strike 3 violated Rule 11(b)(1) because this action is intended to harass, cause unnecessary delay, or needlessly increase the cost of litigation. *Id.* at 14–18.

As an initial matter, Doe's motion to dismiss for failure to comply with Rule 11 does not comply with the procedural requirements for a motion for Rule 11 sanctions. Doe seeks dismissal with prejudice as a sanction for violation of Rule 11(b). Rule 11(c) and Civil Local Rule 7-8 lay out specific requirements for bringing such a motion for sanctions, including a 21-day safe harbor period for correcting or withdrawing the challenged paper. Doe does not deny that he complied with none of these requirements. Dkt. No. 26 at 20–21; Dkt. No. 30 at 6.

On the merits, Doe's request for dismissal on the ground that Strike 3 fails to state a claim for copyright infringement borders on frivolous. As discussed above, a copyright plaintiff is permitted to seek early discovery from an ISP in order to attempt to plead the "something more" necessary to state a claim for copyright infringement under *Cobbler Nevada*. *See supra* Section II.B. Doe's motion to dismiss on this ground is premature.

Doe has articulated no other viable basis for dismissal of the action under Rule 41(b). The Court has already considered and rejected Doe's contention that Strike 3's bill of discovery action

in Florida state court demonstrates a "cut and run" strategy designed to harass Doe, increase his litigation costs, and delay this action. Moreover, as discussed above, Strike 3 may not publicly reveal the identity of the subscriber without the subscriber's consent or leave of the Court. *Id.*; Dkt. No. 9 at 2. The Court finds no basis for Doe's contentions that his privacy is at risk and that Strike 3 subpoenas subscriber information in order to harass Doe.

Accordingly, the Court denies Doe's motion to dismiss under Rule 41(b).

## IV. CONCLUSION

For the foregoing reasons, the Court denies the motions to quash and to dismiss.

The April 14, 2020 hearing is hereby VACATED.

**IT IS SO ORDERED.**

Dated: April 13, 2020

VIRGINIA K. DEMARCHI
United States Magistrate Judge

7